1  CRAIG H. MISSAKIAN (CABN 125202)
   United States Attorney

2  MARTHA BOERSCH (CABN 126569)
   Chief, Criminal Division

3

4  GEORGE O. HAGEMAN (CABN 332457)
   Assistant United States Attorney

5       60 South Market Street, Suite 1200
        San Jose, California 95113
6       Telephone: (408) 535-5044
        George.Hageman@usdoj.gov
7

8  Attorneys for United States of America

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12

    UNITED STATES OF AMERICA,           )  **CASE NO. 3:22-CR-00427-WHO**
13                                       )
              Plaintiff,                 )  **UNITED STATES' SENTENCING**
14                                       )  **MEMORANDUM**
         v.                              )
15                                       )  Court:        Hon. William H. Orrick
                                         )  Hearing Date: October 2, 2025
16  MIGUEL ANGEL OCHOA-AVALOS,           )  Hearing Time: 1:30 p.m.
                                         )
17            Defendant.                 )
                                         )
18  _____ )

19

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

Miguel Angel Ochoa-Avalos, a Norteño gang member with multiple felony convictions, unlawfully possessed a Glock 22 pistol with an extended magazine. A video posted on social media shows him grinding off the serial number himself. He did all this while on post-release community supervision. Since that unquestionably criminal act in October 2022, however, Ochoa-Avalos has made significant positive strides in multiple aspects of his life as a participant in first CAP and later LEADS, which he successfully completed. In the 25 months since his enrollment, he has matured and hopefully put this past behind him. Based on the need for the sentence to reflect the nature and circumstances of the offense, the history and characteristics of the defendant, and to provide the defendant with needed educational or vocational training, the government submits that a sentence of time served plus three years of supervised release is sufficient, but not greater than necessary, to achieve the goals set forth in 18 U.S.C. §3553(a)

## II.    PROCEDURAL HISTORY

On November 4, 2022, Ochoa-Avalos was charged by complaint with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Dkt. 1. On November 9, 2022, he was charged by indictment with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Dkt. 4. On April 4, 2023, he pled open to the sole charged count. Dkt. 24. He then entered CAP where he performed with moderate success before being transferred to LEADS where he performed with much greater success and ultimately completed the program. His sentencing is scheduled for October 2, 2025.

## III.    OFFENSE CONDUCT

On October 4, 2022, an Instagram account associated with criminal street gang members in East Palo Alto posted a video of the defendant using a Milwaukee-brand angle grinder to obliterate the serial number of a black Glock 22 .40 caliber semi-automatic handgun. Sparks fly as the grinder is pressed against the firearm. The defendant is seated on a step, facing down the entire time. He is wearing a red bracelet, black Crocs shoes, and a short-sleeve shirt revealing a tattoo on his left forearm. On the step next to him are a cell phone in a red case and a clear Glock magazine with brass-cased ammunition. After a few seconds, the video switches to a young man—the owner of the Instagram account—giddily saying, "on the 40, he said fuck it." The following day, on October 5, 2022, police surveilled the defendant's residence and observed both the defendant and the

owner of the Instagram account exit the house.  The defendant was wearing the same black Crocs shoes.

On October 13, 2022, police arrested the defendant. He was wearing the same red bracelet and sported the same left forearm tattoo.  In his vehicle was the same cell phone in a red case.  Later that day, police searched the defendant's residence and found a Glock 22 with an obliterated serial number and an extended magazine with twenty-three rounds of .40 caliber brass-cased ammunition.  The firearm and ammunition were found in the same dresser drawer as three bags of cocaine and a small weight scale.  Next to the dresser, inside a backpack, was a piece of mail addressed to the defendant.  Inside the shed at the back of the residence was a Milwaukee-brand angle grinder.

At the time of this offense, Ochoa-Avalos, a known Norteño criminal street gang member, was on post-release community supervision.  He had prior felony convictions for carrying a concealed loaded weapon in September 2017 and inflicting corporal injury on a spouse/cohabitant in April 2020.  He has had multiple post-release community supervision violations, including a July 2022 arrest for possession of controlled substances for sale.

## IV.    SENTENCING GUIDELINES CALCULATION

The government agrees with a base offense level of 20, plus 4 points for the obliterated serial number, minus 3 points for acceptance of responsibility, resulting in a total offense level of 21.  *Id.* ¶ 30.  The government agrees that Ochoa-Avalos is in Criminal History Category III.  *Id.* ¶ 39.  Together, his advisory guidelines range is 46-57 months.  There is no mandatory minimum sentence.

## V.    APPLICABLE LAW

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a).  *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines.  *Id.*  After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a).  *Carty*, 520 F.3d at 991-93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others: (1) the nature and circumstances of

the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need for the sentence to afford adequate deterrence; (4) the need for the sentence to protect the public from further crimes of the defendant; (5) the need for the sentence to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

## VI.    RECOMMENDED SENTENCE AND SECTION 3553(a) FACTORS

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends a sentence of time served followed by three years of supervised release.

Ochoa-Avalos's criminal conduct is concerning.  As a felon, he should not have possessed any firearm, let alone one with an extended magazine.  *See* PSR ¶ 14.  He should not have grinded the serial number off of that firearm.  He should not have boasted about it by having it posted on social media.  This is all made worse by the fact that he was on post-release community supervision at the time, and because this was not his first firearm-related incident.  He has a prior arrest for possession of an assault rifle with a high-capacity magazine that he kept in plain view in a house with an infant.  *See id.* ¶ 36.

On the other hand, Ochoa-Avalo's performance since his enrollment in CAP more than two years ago has been admirable.  While not without some hiccups, it has been generally positive.  Probation describes how he has maintained full-time employment, tested negative for illicit substances, and otherwise been compliant with his court-ordered conditions.  *See id.* ¶ 8.  He has spent time with his children and attended therapy to deal with some issues.  *See id.*  He still has challenges ahead and a difficult past to reckon with: the PSR notes, for example, that he witnessed a murder at age 8 and was first arrested at age 10.  *See id.* ¶¶ 40, 49.  But if the past two years are any indication, he appears to be on a path towards a normal, non-criminal life.  Nobody is happier about that than Mr. Ochoa-Avalos himself.

## VII.    CONCLUSION

If this case had proceeded in the normal course, the government likely would have recommended

1  a guidelines sentence somewhere in the range of 46 months—the low end of the guidelines.  Ochoa-

2  Avalo's criminal history and the aggravating factors of the instant offense are serious.  However, the great

3  strides that he has made in the past 25 months since his enrollment in CAP, and his substantial work and

4  ultimate completion of LEADS, persuade the government that a sentence of time served plus three years

5  of supervised release is sufficient, but not greater than necessary, to achieve the purposes of 18 U.S.C. §

6  3553(a).

7

8

9  DATED:  September 24, 2025                               Respectfully submitted,

10                                                          CRAIG H. MISSAKIAN

11                                                          United States Attorney

12                                                           */s/ George O. Hageman*

13                                                          GEORGE O. HAGEMAN
                                                            Assistant United States Attorney

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES' SENTENCING MEMORANDUM    4
3:22-CR-00427-WHO