ELLEN V. LEONIDA (State Bar No. 184194)
E-Mail:     *eleonida@sideman.com*
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone:   (415) 392-1960
Facsimile:   (415) 392-0827

Attorneys for Miguel Ochoa-Avalos

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:22-cr-00427-WHO-1 |
| Plaintiff, | **DEFENDANT'S SENTENCING MEMORANDUM** |
| v. | |
| MIGUEL ANGEL OCHOA-AVALOS, | Date:   10/02/2025<br>Time:   1:30pm<br>Crtrm.:  02, 17th Floor |
| Defendant. | |
| | Honorable Hon. William H. Orrick III |

## I.     INTRODUCTION

Miguel Ochoa comes before this Court for sentencing having radically transformed his life through his participation in the LEADS program. In the two-plus years since he pled guilty to illegally possessing a firearm, Miguel has obtained full time employment, sought legal custody of his children, abstained from drugs and alcohol, and ceased all association with the people who had been negative influences in his life. This is possible because Miguel dedicated himself to the task of re-examining his past choices and addressing the trauma that had informed them. He took advantage of therapy and medication and learned to overcome hardships in a healthy and productive manner. A time-served sentence is more than sufficient to address all of the goals of 18 U.S.C. § 3553(a) in this case.

## II.   DISCUSSION

A time-served sentence is appropriate in this case in light of Miguel's rehabilitation over the past two years and the dramatic changes he has made in his life. In determining an appropriate sentence, the court must look to the factors set forth in 18 U.S.C. § 3553(a). *United States v. Booker*, 543 U.S. 220, 245-46 (2005). The Court's paramount concern must be to "'impose a sentence sufficient, but not greater than necessary' to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). Application of the factors listed in Section 3553(a) to this case supports imposition of a time-served sentence here.

### A.   The History and Characteristics of the Defendant and Nature and Circumstances of the Offense Warrant a Non-Custodial Sentence (18 U.S.C. § 3553(a)(1))

Miguel was raised by a single mother in a Palo Alto, California. Although she did her best, Miguel's mother struggled to support her children and grandchildren and could not protect them from the dangers of their environment. Miguel witnessed a murder when he was only eight years old and he was involved in multiple altercations—including being shot at—when he was a child. (PSR ¶¶ 48-49). Even when the sentencing guidelines were mandatory, the Ninth Circuit approved a downward departure for "youthful lack of guidance." *United States v. Floyd*, 945 F.2d 1096, 1100 (9th Cir. 1991), *amended by* 956 F.2d 203 (1992) (original opinion inadvertently omitted case number), and *overruled on other grounds by United States v. Atkinson*, 990 F.2d 501 (1993). *Floyd* held that a defendant's offense could be mitigated by such a lack of guidance when it "had a significant effect both on his past criminality and on his commission of the present offense."[1] *Id.*

---

[1] Although the Sentencing Commission, in a 1992 response to *Floyd*, published a policy statement opining that lack of guidance as a youth is not normally relevant in determining whether a departure under U.S.S.G. § 5H1.12 is warranted, *post-Booker* sentencing courts have a broader duty, under 18 U.S.C. § 3553(a), to consider *all factors* that are relevant to sentencing, including lack of youthful guidance and a disadvantaged upbringing.

at 1099. The trauma Miguel suffered as a child is directly linked to his immersion in a world of negative influences and subsequent criminal behavior.

Miguel's background is also what makes his tremendous accomplishments over the past two years so impressive. This Court has seen him struggle mentally and physically. His children were kidnapped and removed from the state. He went through a debilitating depression and an illness that led to his hospitalization. He lost a therapist and a pre-trial office with whom he had made some of his most meaningful connections. And through it all, Miguel persevered. He stayed clean, he kept going to therapy and he took medication as prescribed. He researched a legal means of obtaining visitation with his children. He got a full time job and, when that job did not deliver on its promises, he got another. Miguel has truly internalized the tools that will enable him to stay clean and sober and continue providing both emotional and financial support for his family.

### B.     A Non-Custodial Sentence Would Achieve the Goals of Retribution, Deterrence, Incapacitation, and Rehabilitation (18 U.S.C. § 3553(a)(2))

Section 3553(a)(2)(A) requires the Court to consider the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Section 3553 further requires the Court to consider whether the proposed sentence would "afford adequate deterrence to criminal conduct" and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(B), (C). A sentence of probation would achieve all of these goals.

In terms of the seriousness of the offense and just punishment, Miguel has demonstrated that he understands the gravity of his conduct. He accepted responsibility and worked tirelessly to change the patterns that previously led him to re-offend. For this reason, also, a lengthy sentence is not necessary to deter him from criminal conduct or to protect the public from him.

### C.     A Variance from the Applicable Sentencing Guideline Range Is Warranted in This Case (18 U.S.C. § 3553(a)(4))

Miguel concurs with the Guideline calculation in the PSR. His base offense level is 20 and four levels are added because the firearm had an altered or obliterated serial number. U.S.S.G. § 2K2.1. Three levels are subtracted because Miguel promptly accepted responsibility for the

1  offense. U.S.S.G. § 3E1.1. This results in a total offense level of 21. In Miguel's criminal history
2  category (III), the attendant recommended Guideline range is 46—57 months. For the foregoing
3  reasons, we request that the Court vary downward from that range and impose a sentence of three
4  years supervised release and credit for time served.

### III. CONCLUSION

Miguel Ochoa Avalos has proven over the past two years that he is ready and able to live a productive, law-abiding life. He has engaged in therapy, cared for his family, maintained a job and stayed clean and sober. A time served sentence will achieve all the goals of sentencing in this case.

DATED: September 24, 2025

Respectfully submitted,

SIDEMAN & BANCROFT LLP

By: _____
Ellen V. Leonida
Attorneys for Miguel Ochoa-Avalos